## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

SAMUEL JOSEPH WARNER,                          Case No. 26-cv-1715 (LMP/LIB)

        Petitioner,

v.                                                                      **ORDER GRANTING**
                                                                        **MOTION TO DISMISS**
DR. KAREN M. ASHBY,

        Respondent.

Samuel Joseph Warner, pro se.

Friedrich A. P. Siekert, **United States Attorney's Office, Minneapolis, MN**, for Defendant.

Petitioner Samuel Joseph Warner brought a petition for a harassment restraining order ("HRO") in Minnesota state court against Respondent Dr. Karen M. Ashby, his psychologist at the St. Cloud VA Medical Center.  ECF No. 1-1.  Dr. Ashby removed the case to federal court and now seeks dismissal on jurisdictional and merits grounds.  ECF No. 11.  For the following reasons, the motion is granted.

### BACKGROUND

Warner is a veteran and patient at the St. Cloud VA.  ECF No. 1-1 at 11.  Warner alleges that Dr. Ashby sexually assaulted him at the St. Cloud VA and "made unwanted sexual advances" toward him in 2016.  *Id.*  Warner states that he reported this assault, but nothing was done.  *Id.*  Warner alleges that Dr. Ashby began harassing him in 2024 by "sending mail and making telephone calls."  *Id.*  Warner alleges that Dr. Ashby improperly accessed his VA medical records, filed disruptive behavior reports, and altered his medical

records in retaliation for his rejecting her advances and to the detriment of his mental health, his ability to work effectively, and his ability to receive medical care at the St. Cloud VA. *Id.*

On February 17, 2026, Warner filed a petition for an HRO in Minnesota state court and requested that the state court order Dr. Ashby "to have no contact with [Warner] in any way" and to "prevent her from using her position at the VA to continue harassing or retaliating against" him. *Id.* at 1, 11. Dr. Ashby timely removed this action to federal court, asserting federal-officer jurisdiction under 28 U.S.C. § 1442(a)(1). ECF No. 1. Dr. Ashby also filed a certification of scope of employment under 38 U.S.C. § 7316 and 28 U.S.C. § 2679, certifying that she was acting in the scope of her employment with the VA at the time of the incidents giving rise to Warner's allegations against her. ECF No. 13. Dr. Ashby now moves to dismiss the petition for an HRO on sovereign-immunity and merits grounds. ECF No. 11. Warner did not file a response to Dr. Ashby's motion.

## ANALYSIS

Dr. Ashby first seeks dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that sovereign immunity bars the HRO proceedings against her. ECF No. 12 at 5–20. Under Rule 12(b)(1), a defendant may raise either a "facial" or a "factual" challenge to a court's subject-matter jurisdiction. *Scott v. UnitedHealth Grp., Inc.*, 540 F. Supp. 3d 857, 861 (D. Minn. 2021). Here, Dr. Ashby relies only on information in the pleadings, so the Court construes her motion to raise a facial challenge to subject-matter jurisdiction. *Id.* On a facial challenge, "the court restricts itself to the face of the pleadings" and "the non-moving party receives the same protections as it would defending against a

2

motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Because Warner is proceeding pro se, the Court is mindful to liberally construe his pleadings. *See Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024).

Absent a waiver, sovereign immunity bars claims against the United States, *Two Eagle v. United States*, 57 F.4th 616, 621 (8th Cir. 2023) (citation omitted), and applies to claims against federal employees when the United States is the "real party in interest," *Lewis v. Clarke*, 581 U.S. 155, 161–62 (2017). The United States is the "real party in interest" if the "judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (citation modified); *see Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 688 (1949) ("For the sovereign can act only through agents and, when the agents' actions are restrained, the sovereign itself may, through him, be restrained.").

Here, Warner seeks an injunction against a VA psychologist that would prohibit her from contacting him "in any way" and from "using her position at the VA to continue harassing or retaliating against" him. ECF No. 1-1 at 11. The requested HRO, then, would restrict Dr. Ashby's activities at work. Because the requested HRO would impair the duties of a federal employee, Warner's lawsuit is "in substance and effect [] one against the United States without its consent." *Malone v. Bowdoin*, 369 U.S. 643, 648 (1962). Indeed, a robust body of case law holds that sovereign immunity bars requests for restraining orders against federal employees acting in their official capacity when the order would impair the performance of the federal employee's job responsibilities. *See, e.g.*, *Salmeron v. Ola*,

3

No. 4:25-cv-05103-RLP, 2025 WL 3143451, at *1 (E.D. Wash. Nov. 10, 2025) (request for restraining order against federal employee that would restrict employee's movement and communications in the workplace barred by sovereign immunity); *Masino v. Mitchell*, No. 3:25cv806-MCR-HTC, 2025 WL 3635026, at *1–2 (N.D. Fla. Aug, 1, 2025) (same), *report and recommendation adopted*, 2025 WL 3635020 (N.D. Fla. Dec. 15, 2025); *Cui v. United States*, Nos. 22-470, 22-472, 2022 WL 2664348, at *4 (E.D. La. July 9, 2022) (same); *Figueroa v. Baca*, No. ED CV 17-1471 PA (AGRx), 2018 WL 2041383, at *3 (C.D. Cal. Apr. 30, 2018) (same); *Haynie v. Bredenkamp*, No. 4:16-cv-773 (CEJ), 2016 WL 3653957, at *2 (E.D. Mo. July 8, 2016) (same); *Sidler v. Snowden*, No. AW-13-658, 2013 WL 1759579, at *2 (D. Md. Apr. 23, 2013) (same).

The reasoning of these cases readily applies here. Warner alleges that the injuries he suffered arose during his interactions with Dr. Ashby at the St. Cloud VA. ECF No. 1-1 at 11 (alleging a sexual assault at the St. Cloud VA, manipulation of Warner's VA medical records, and disruptive behavior reports); *see also* ECF No. 13 (the federal government certifying that Dr. Ashby was acting in the scope of her employment with the VA at the time of the incidents out of which Warner's allegations against her arose). Now, Warner seeks to enjoin how Dr. Ashby performs "her position at the VA." *Id.* Such an injunction is plainly barred by the federal government's sovereign immunity.[1]

---

[1]     Nothing in this Order should be construed as applying sovereign immunity to claims for injunctive relief against Dr. Ashby for conduct undertaken "outside the workplace" while Dr. Ashby is not "on duty." *See Harris v. Weaver*, No. 4:19-cv-02937-AGF, 2020 WL 601610, at *3 (E.D. Mo. Feb. 7, 2020). As best the Court can tell, however, there are no

It is Warner's burden to demonstrate "both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted). But Warner has not responded to Dr. Ashby's motion to dismiss, and his pleading contains no plausible suggestion that the United States has waived sovereign immunity for the injunctive relief he seeks. Warner has not met his burden, so his petition must be dismissed.[2] *See Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014) ("Sovereign immunity is a jurisdictional threshold matter." (citation modified)).

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Dr. Ashby's Motion to Dismiss (ECF No. 11) is **GRANTED**; and

2. The Petition for Harassment Restraining Order (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: June 5, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

non-conclusory allegations that Dr. Ashby's purported wrongful conduct against Warner occurred outside of her role as a psychologist for the St. Cloud VA.

[2]  Because the Court dismisses the petition on jurisdictional grounds, it need not consider Dr. Ashby's alternative argument that Warner's petition fails to state a claim under Rule 12(b)(6). ECF No. 12 at 20.